UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DELORIS ROBINSON, Surviving Spouse ) <br> of NATHANIEL ROBINSON, Deceased, ) <br> PLAINTIFF, ) <br> ) <br> VS. ) <br> ) <br> SSC NEWPORT OPERATING COMPANY, ) <br> LLC, d/b/a NEWPORT HEALTH AND ) <br> REHABILITATION CENTER, ) <br> DEFENDANT. ) | NO. 2:10-CV-00265 |

## MEMORANDUM OPINION AND ORDER

This diversity wrongful death action brought by Deloris Robinson ("plaintiff"), the surviving spouse of Nathaniel Robinson, alleges that SSC Newport Operating Company, LLC, d/b/a Newport Health and Rehabilitation Center ("NHRC") was negligent in providing medical care to Nathaniel Robinson while he was a resident of NHRC's nursing home. NHRC has moved to dismiss and refer the matter to arbitration, [Doc. 4]. Plaintiff has responded, [Doc. 5], and NHRC has filed a "rebuttal" to plaintiff's response, [Doc. 7]. For the reasons which follow, the motion will be DENIED.

**I.    Factual and Procedural Background**

Nathaniel Robinson was admitted to NHRC at approximately 7:30 p.m. on July 1, 2009, with a history of strokes and diabetes. At the time of admission, Nathaniel Robinson needed assistance to walk or transfer from the bed to a chair and to sit up or turn over in the bed. On the morning of July 4, 2009, Nathaniel Robinson was found unresponsive, not breathing and without a pulse. He was transferred to the hospital where he was pronounced dead on arrival.

On the day following his admission to NHRC, Nathaniel Robinson's spouse, Deloris Robinson, "was presented with a stack of admission documents to sign." Among the documents signed was a "Dispute Resolution Program," ("DRP"). The DRP waived the patient's right to a jury trial and provided for a three-step process of review, mediation and arbitration, could be revoked within fourteen (14) days from the date of its execution, and purported to bind "your family, heirs, successors, assigns, agents, insurers, trustees, and/or your legal representatives . . ." The DRP had places for signature as follows:

If the Resident is mentally competent to consent to this Agreement under state law, sign here:

_____                                        Date _____
Signature of Resident

_____
Print Name

If competent resident is unable to physically execute the Agreement and authorizes a representative to sign Agreement on the resident's behalf, sign here:

s/Deloris Robinson                                                    Date 7/2/09

Deloris Robinson
Print Name

Barbara Byrd, BOM                                                  Date _____
Signature of Facility Witness # 1

Barbara Byrd
Print Name
_____                                        Date _____
Signature of Facility Witness # 2

_____
Print name

*I am the spouse, responsible party, legal guardian or power of attorney of the resident and have the authority to sign the Agreement on his/her behalf. In signing this Agreement the legal representative*

2

*or family member binds both the resident and themselves individually, as well as other parties as specified in the Agreement.*

_____   Date_____
or Family Member

_____
Print Name

_____   Date _____
Signature of Facility Witness # 1

_____
Print Name

_____   _____
Signature of Facility Witness # 2   Date _____

_____
Print Name

_____   Date _____
Signature of Facility Witness # 1

_____
Print Name

This suit was originally filed in state court but subsequently removed to this Court. NHRC answered the suit and filed the instant motion to dismiss and refer to arbitration on the basis that the "Plaintiff's claims in this action are barred" by the DRP. NHRC did not file a memorandum in support of its motion, *see* E.D. Tenn. L.R. 7.1(a). The plaintiff responded with her affidavit and memorandum; NHRC then replied, filed a memorandum and attached a series of unauthenticated medical records in contravention of rules requiring redaction of personal information.

The plaintiff, relying primarily on *Raiteri v. NHC Healthcare/Knoxville, Inc.*, 2003 WL 23094413 (Tenn. Ct. App., Dec. 30, 2003) argues that the DRP "is void, and if not void, certainly unenforceable." Plaintiff more specifically argues that she lacked express or apparent authority to

3

sign the DRP for her husband and, alternatively, that the contract is an unenforceable contract of adhesion. NHRC, not surprisingly, disagrees with plaintiff on both points.

**II.     Analysis**

Although the parties dedicate much of their briefing to the question of whether the DRP is a contract of adhesion or otherwise enforceable, it appears to the Court that the threshold issue is whether plaintiff had authority to sign the agreement and thus bind her husband to its terms. If she did not, and the Court so concludes on this record, then the question of whether the agreement is otherwise enforceable is not reached.

The factual scenario in *Raiteri* was, as plaintiff argues, similar to the factual scenario in this case. There, a wife, (Mrs. Cox) was admitted to the defendant's nursing home and her husband (Mr. Cox) signed an admission agreement on his wife's behalf. The admission agreement contained a dispute resolution procedure which included mediation and arbitration provisions. At the time of the signing of the documents by Mr. Cox, Mrs. Cox was physically infirm but had not been diagnosed or adjudicated as mentally incompetent. The Tennessee Court of Appeals, Eastern Section, held that the admission agreement was a contract of adhesion and the mediation and arbitration provisions unenforceable. *Raiteri*, 2003 WL 23094413 at *8. The court also found, as a stand-alone basis for its decision, that "Mr. Cox did not have the actual or apparent authority to bind Mrs. Cox to the alternative dispute resolution provisions in the admission agreement." *Id.* at *9. The court stated:

> . . . There is absolutely no evidence that he had her express authority to sign for her. We also hold that the defendant cannot rely upon the concept of apparent authority. The evidence reflects that Mrs. Cox had her mental faculties, was "sharper" than her husband, and was otherwise in a position to indicate whether she assented to the terms of these significant contract provisions. The record is also

4

> devoid of any exigent circumstances that would clothe Mr. Cox with apparent authority to bind his wife to the admission agreement, particularly the alternative dispute resolution provisions. We certainly find nothing in the record before us, either factually or legally, warranting a holding that Mr. Cox had the right to waive his wife's very valuable constitutional right to a jury trial to adjudicate her rights in this matter. As the admissions coordinator acknowledged, Mrs. Cox "was capable of understanding" the admission agreement. The admissions coordinator did not adequately explain why she did not insist upon Mrs. Cox signing the admission agreement, or, at a minimum, why she did not ask Mrs. Cox to ratify what her husband had purported to do on her behalf.

*Id.*

As in *Raiteri*, there is no evidence here that plaintiff had the express authority of Nathaniel Robinson to bind him to the DRP. NHRC concedes that Nathaniel Robinson was mentally competent at the time the document was signed. Plaintiff did not possess a power of attorney or guardianship over her husband's affairs. The only evidence arguably pointed to by NHRC of express authority is the preprinted language of the DRP itself just above plaintiff's signature which provides: "If competent resident is unable to physically execute the Agreement and authorizes a representative to sign Agreement on the residence's behalf, sign here:" Such evidence alone does not, however, in this Court's view, establish by a preponderance that express authority existed.

The evidence of record likewise does not preponderate in favor of a finding of apparent authority. To attribute to Mr. Robinson the action of plaintiff in signing the DRP on the basis of apparent authority, it must be shown that "the principal himself by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority." *Barbee v. Kindred Healthcare Operating, Inc.*, 2008 WL 4615858 at *6 (Tenn. Ct. App., Oct. 20, 2008) (quoting *S. Ry. Co. v. Pickle*, 197 S.W. 675, 677 (Tenn. 1917)). The burden is on the claimant to show the authority of the agent. *Id.* (citing *John J. Heirigs Const. Co. v. Exide*,

5

709 S.W. 2d 604, 608 (Tenn. Ct. App. 1986)). NHRC points only to Mr. Robinson's "act of allowing his wife to handle the admissions process" as proof that he intended her to act as his agent. [Doc. 7, p. 8]. NHRC, however, points to no other evidence that Mr. Robinson was even aware of, or acquiesced in, his wife's signing of the DRP and there is no evidence that he took any affirmative act to clothe her with the appearance of authority.

NHRC, in its rebuttal, cites the case of *Necessary v. Life Care Ctrs. of Am., Inc.*, 2007 WL 3446636 (Tenn. Ct. App., Nov. 16, 2007) as a case very similar to the present case. Factually, the case is somewhat similar to the present case. In *Necessary*, the plaintiff, as the surviving spouse, filed a wrongful death action against a skilled nursing home facility where her husband had died. The decedent, at the time of admission, was mentally competent; however, the plaintiff signed an admission agreement on behalf of her husband which contained an arbitration provision. Although the plaintiff did not hold a written power of attorney, she acknowledged that she had the express authority of decedent to sign all of the admission documents and make all decisions regarding his admission to the nursing facility, except one–she did not have authority to sign an arbitration agreement. *Id.* at *5. The Court of Appeals found such a position "untenable" and held that the plaintiff had express authority to sign admission documents at the healthcare facility, including the arbitration agreement as one of those admission documents. *Id. Necessary* is clearly distinguishable from the present case, however. Here, the plaintiff does not acknowledge that she had the express oral authority of her husband to sign any of the admission documents, including the arbitration agreement and NHRC points to no evidence establishing by a preponderance of the evidence that she did.

NHRC also appears to confuse the issue before the Court. NHRC argues that because

6

plaintiff signed the DRP, she is bound by it and its contents are imputed to her. Pointing to the language of the DRP which provides that the DRP binds a broad group of people, including "your family," NHRC argues that plaintiff, as the resident's wife, is thus bound by the DRP. The question, however, is not whether plaintiff's signature to the DRP could bind her but rather whether her signature on the DRP could bind her husband, i.e., whether Mrs. Robinson had the authority to sign the admission agreement on behalf of her husband, Mr. Robinson. As noted above, in order to bind Mr. Robinson, Mrs. Robinson must have had the authority to act as his agent. Thus, NHRC's arguments as set forth above are irrelevant.

One other issue raised by NHRC needs to be addressed by the Court. At the end of its rebuttal, NHRC states that "at the very least, SSC Newport should be allowed to conduct additional discovery, including the plaintiff's deposition, related to the implied and apparent authority given to the plaintiff by Mr. Robinson." [Doc. 7, pp. 9-10]. It is unclear why NHRC did not request additional discovery in order to supplement its response to the currently pending motion; nevertheless, the Court agrees that the record in the matter should be fully developed. As a result, the denial of NHRC's motion will be without prejudice to the refiling of the motion after appropriate discovery is completed. That discovery, however, must take place within the next 120 days. If NHRC, based upon the discovery done, believes the evidence developed will support its position, it may seek reconsideration or refile its motion to dismiss and refer to arbitration. The Court will not further delay the development of the case otherwise, however, and the Clerk is DIRECTED to schedule a scheduling conference so that an appropriate scheduling order can be entered and a trial date set.

So ordered.

7

ENTER:

                                                                                    s/J. RONNIE GREER
                                                                        UNITED STATES DISTRICT JUDGE